UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARIO A. MARIN** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 11-428** |
| **FALGOUT OFFSHORE, LLC** | * | **SECTION "L"(3)** |

**ORDER AND REASONS**

The Court has pending before it Plaintiff's Motion in Limine to exclude surveillance evidence (Rec. Doc. 16) and Defendant Falgout Offshore, LLC's Motion to Exclude Report and Prospective Testimony of Robert Borison (Rec. Doc. 18) and Motion to Exclude Report and Prospective Testimony of Gerald S. George (Rec. Doc. 19). The court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.     Background**

This maritime personal injury action arises out of injuries allegedly sustained by the Plaintiff, Mario Marin, aboard the M/V SKYE FALGOUT in the Gulf of Mexico. The Plaintiff alleges that on or about May 18, 2010, he was an employee of Defendant Falgout Offshore, LLC, working as a crew member of the SKYE FALGOUT. On that day, he was required to manually pull and/or lift boxes containing gallon jugs of water out of side loaded containers, and alleges that he sustained serious permanent injury as a result. Plaintiff claims that those injuries were the result of Defendant's negligence in failing to provide a safe place to work, to give proper instructions, warning, training, adequate manning, or equipment. Plaintiff also alleges that the SKYE FALGOUT was unseaworthy at the time of the incident. Plaintiff filed suit in this

Court, seeking past and future lost wages, pain and suffering, medical expenses, and loss of enjoyment of life.  Plaintiff also alleges that he is entitled to maintenance and cure, but it is not clear that maintenance and cure has not been paid.  Defendant has answered and denies liability.

**II.     Present Motions**

At trial, Plaintiff intends to call two expert witnesses.  First, Plaintiff intends to call Mr. Robert E. Borison as a safety expert.  Mr. Borison has submitted a report in which he opines that the Plaintiff's injury was caused by the improper design of the grocery container which required an unsafe lifting position to unload it.  He also opines regarding the Defendant's allegedly deficient training and safety procedures.

Second, Plaintiff intends to call Dr. Gerald S. George, Ph.D, to testify as an expert in biomechanics.  Dr. George has submitted a written report in which he opines that lifting under the limitations imposed by the grocery container constituted a hazardous lifting condition and imposed a compressive spinal load sufficient to cause Plaintiff's lower back injury.

Defendant now moves to exclude Mr. Borison and Dr. George, for essentially the same reasons.  With respect to both experts, Defendant argues that their opinions are irrelevant and unreliable because they are based on assumptions contradicted by the testimony of fact witnesses.  For example, both experts opine that the grocery container made lifting the water bottles unsafe, but Defendant cites deposition testimony that Plaintiff was sliding the bottles when he was allegedly injured, rather than lifting them, and thus their opinions are irrelevant to the facts of the case.

Defendant also argues that both experts offer common-sense opinions based on

generalized knowledge that will not assist the trier of fact. Essentially, Defendant argues that the knowledge that lifting a heavy object can cause a back injury is not a proper subject for expert testimony.

In response, Plaintiff articulates the nuances of each expert's testimony and explains how it goes beyond common knowledge. Plaintiff also disputes Defendant's characterization of the underlying factual testimony and argues that the expert opinions are relevant to the facts that will be elicited at trial.

**II.     Law & Analysis**

**A.     Defendant's Motions to Exclude Expert Testimony**

"Trial courts have wide discretion in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence." *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998) (quotation omitted). Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 codifies the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

Under Rule 702 and *Daubert*, the Court must act as a gatekeeper to ensure that expert opinion testimony is "both reliable and relevant." *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010). "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or

methodology properly can be applied to the facts in issue." *Id.* (quotation omitted). With respect to reliability, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

The proponent of expert testimony bears the burden of proof to show the testimony is reliable, relevant, and admissible. *Moore v. Ashland Chem., Inc*., 151 F.3d 269, 276 (5th Cir. 1998). To meet this burden, a party cannot simply rely on its expert's assurances that he has utilized generally accepted scientific methodology. Rather, some objective, independent validation of the expert's methodology is required. *Id*. Nonetheless, the Court's role as a gatekeeper does not replace the traditional adversary system and the place of the finder of fact within that system. *Daubert*, 509 U.S. at 596. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)). As a general rule, questions relating to the bases and sources of an expert's opinion go to the weight of that evidence, rather than its admissibility, and should be left for the finder of fact. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

Additionally, the Fifth Circuit has noted that "the safeguards provided for in *Daubert* are not as essential in a case ... where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). "[T]he trial court's gatekeeper role is significantly diminished in bench trials ... because, there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence." *Whitehouse Hotel Ltd. P'ship v. Comm'r*, 615 F.3d 321, 330 (5th Cir. 2010).

Defendants' criticism of Mr. Borison and Dr. George do not warrant exclusion. First, although Defendant argues that their opinions are based on assumptions not proven by the record, disputes as to the factual basis of an expert opinion go to the weight of that opinion, not its admissibility, and are ripe for cross-examination. *See Primrose Operating Co.*, 382 F.3d at 562. Simply disagreeing with the underlying facts relied on by an expert is not grounds for excluding that expert under *Daubert*; the Court is concerned with screening unreliable methodologies, not judging conclusions. Defendant may cross-examine both witnesses at trial regarding the facts of the incident, such as whether Plaintiff was lifting or pulling the bottled water, and whether the facts as presented at trial fit their expert opinions.

With respect to whether the opinions will assist the trier of fact, this is more complicated than a simple lifting case. Plaintiff's theory is that he was forced to work in a negligently-designed constrained setting, which prevented him from lifting in the safe manner in which he had been trained and contributed to his injury. The testimony of Mr. Borison and Dr. George may assist the Court as trier of fact, and exclusion of their testimony is not appropriate at this time. After hearing their testimony and cross-examination, the Court will be in a position to give those opinions whatever evidentiary weight they warrant. Accordingly, Defendant's motions to exclude are denied.

**B.     Motion In Limine to Exclude Surveillance Evidence**

Plaintiff has moved to exclude any surveillance video or photographs from trial on the basis that no such materials were produced to him in discovery. In response, Defendant states that all surveillance video was produced to Plaintiff after Plaintiff filed his motion but before the discovery deadline. Plaintiff did not file a reply. Accordingly, the matter appears to be moot

with respect to the admissibility of the video or photographs.

## III.   Conclusion

For the foregoing reasons, Defendant's motions to exclude (Rec. Docs. 18, 19) are DENIED and Plaintiff's motion in limine (Rec. Doc. 16) is DENIED AS MOOT.

New Orleans, Louisiana, this 30th day of November, 2011.

*/s/ Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE